**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JENNIFER A. MIFSUD,

      Plaintiff,                         CIVIL ACTION NO. 13-15043

    v.                            DISTRICT JUDGE DENISE PAGE HOOD
                                   MAGISTRATE JUDGE  CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
   _____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION**

     Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant could perform her past sedentary work as an office manager, cashier or insurance agent.

**II.**     **REPORT**

    **A.**     **Introduction and Procedural History**

    Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on July 12, 2010, alleging that she had been disabled and unable to work since December 21, 2008, at age 30, due to severe back, wrist and head pain. Benefits were initially denied by the Social Security Administration (SSA).

A requested <u>de novo</u> hearing was held on October 4, 2011, before Administrative Law Judge (ALJ) Roy Roulhac. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work, including her past work as an office manager, cashier or insurance agent, that provided a sit-stand option and no exposure to unprotected heights.  The Appeals Council declined to review that decision[1] and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 32 years old at the time of the administrative hearing (TR 30).  She had a college education, and had been employed as an administrative assistant, office manager, sales agent and free lance computer specialist (TR 173-174).  Claimant injured her back in a December 2008, automobile accident,  and re-aggravated the injury a year later  in another car accident (TR 59-60). Plaintiff testified that she could not work due to difficulties sitting and standing caused by back, neck and shoulder pain (TR 61). She estimated that she could

---

[1] Where, as here, the Appeals Council denies review, the ALJ's decision stands as the final decision of the Commissioner.  20 C.F.R. § 404.981.  Judicial review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standard in reaching his decision. <u>Warner v. Commissioner</u>., 375 F.3d 387, 390 (6th Cir. 2004); <u>Key v. Callahan</u>, 109 F.3d 270, 273 (6th Cir. 1997).  Therefore, the medical evidence attached by Plaintiff to her letter brief in support of Summary Judgment was not considered by the undersigned.

sit for up to 15 minutes, walk for five minutes, and stand five minutes before needing to change positions (TR 61). Claimant doubted that she could lift any weight. She allegedly was unable to timely complete tasks due to difficulty concentrating (TR 61).

Plaintiff explained that her father did all the cooking and cleaning, and that she stayed in bed 24 hours a day (TR 62). Her mother helped with personal care (TR 62). Plaintiff went to the grocery store about once a month (TR 63). When her family lived in Florida, she enjoyed swimming in a pool. She stopped swimming after moving to Michigan in July 2011 (TR 65). While living in Florida, she did not need anyone to assist her (TR 73). At the time of the hearing, Plaintiff was not taking any medications for her pain (TR 73).

A Vocational Expert, Don Harrison, classified Plaintiff's past office manager work as sedentary to medium, skilled activity (TR 74-75). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[2] (TR 76). If she were capable of sedentary work, however, she could return to her past work as it is normally performed. Those jobs provided a sit-stand option at will, and did not require exposure to unprotected heights (TR 75-76).

### B.    ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as a result of cervical and lumbar degenerative disc disease with protrusions, cervical and lumbar radicular symptoms, lumbar spine and wrist strain and periodic headaches , but that she did not have

---

[2]The witness testified that, if claimant missed more that four days per week as a result of her pain, all work activity would be precluded (TR 76).

an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back pain prevented her from working at jobs requiring her to sit or stand for prolonged periods. The Law Judge further determined that she could not be exposed to unprotected heights. Since claimant's past work as an office manager, cashier and insurance sales agent did not require the performance of work-related activities precluded by her residual functional capacity, the ALJ determined that she was not entitled to disability benefits. The Law Judge found that claimant could perform her past work (TR 30-36)

###    C.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

4

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing even a limited range of sedentary work activity.  She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work, including her past work, because the objective clinical evidence of record did not confirm the disabling nature of her joint pain and headaches.

**D.     Discussion and Analysis**

After review of the record, I suggest that substantial evidence supports the Commissioner's conclusion that Plaintiff retained the residual functional capacity to return to her past sedentary work.  Contrary to  Plaintiff 's assertion that she was bedridden, the medical evidence does not support her allegations of totally disabling back, neck, shoulder and head pain.  The ALJ considered the allegations of significantly limiting pain against the

objective medical evidence, (doctor opinions, treatment notes and evidence of activities of daily living) and reasonably concluded that claimant could still perform a reduced range of sedentary work (TR 31-35). The Law Judge's determination took into account the January 2010, imaging studies of claimant's cervical and lumbar spine, chest, right shoulder and pelvis, that showed no signs of acute injury (TR 398-403). Dr. Frank Gomes, a consultative examiner, concluded in May 2010, that Plaintiff could return to work as long as she avoided lifting, pushing, or pulling over 20 pounds. The doctor recommended that claimant not engage in high impact activities, prolonged sitting or standing, or overhead lifting (TR 368). Two months later, Dr. Eugene Florio, another examiner, reported that Plaintiff was tapering from narcotic medication after achieving increased function and decreased pain and impairment (TR 440). The medical record contains no evidence of significant side-effects from those medications.

The ALJ did not rely solely on the lack of objective medical support in determining that Plaintiff was not disabled. Despite allegations that she suffered from severe pain radiating throughout her body, her reported daily activities suggested that she remained quite functional and independent. When living in Florida prior to July 2011, claimant indicated that she lived alone in an apartment, enjoyed frequent swimming pool exercise, and had no one assisting her (TR. 65, 73, 193). She went to the grocery store, cooked her own meals, cared for her own personal needs and performed routine household chores (TR 63, 182) Claimant's dexterity allowed her to occasionally make jewelry (TR 183). Plaintiff could

6

handle her finances and accounts (TR 197).   Such activities undermine her claim that her joint and head pain were severe enough to be disabling.

Contrary to  Plaintiff 's assertion, the issue is not whether the ALJ properly labeled her impairments as severe or non-severe, but whether the Administrative Law Judge properly took into consideration any functional limitation stemming from those impairments into his residual functional capacity (RFC) evaluation.  In the instant case, the claimant has failed to point to any medical opinion, or other evidence demonstrating work-related limitations, ignored by the Administrative Law Judge.

Plaintiff relies heavily upon the fact that Dr. James Haley opined in November 2010, that she could not sit or stand for longer than 2 hours in an 8 hour workday (TR 487-488). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government.  Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).  However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence.  Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).  Since Dr. Haley  offered little objective evidence  during the relevant period to support his November 2010, statement of disability[3]

_____

[3]The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so. The ALJ expressed concern about the lack of medical documentation to support the opinion.  As the ALJ noted, the record does not reflect the  degree of limitation indicated in Dr. Haley's forms (TR 31-33).  Indeed, Plaintiff's daily activities negate Dr. Haley's opinion. An individual with poor-to-no ability in all areas, would not be expected to live independently, do laundry, cook simple meals, drive, attend church, run

, his  opinion need not have been given any special weight . <u>Miller v. Secretary</u>, 843 F.2d

221, 224  (6th Cir. 1988). Under these circumstances, the totality of the evidence must be

considered.  <u>Landsaw v. Secretary</u>, 803 F.2d  211, 213 (6th Cir. 1986).

     Once it is determined that an applicant can perform past relevant work, she is deemed

not disabled and there is no need for the testimony of a vocational expert. <u>Orick v. Sullivan</u>,

966 F.2d 368, 372 (8th Cir. 1992). The Sixth Circuit has ruled that a claimant can be denied

benefits if she remains capable of returning to her former <u>type</u> of work, even if she cannot

return to the actual job held in the past.  <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir.

1987).  A vocational expert testified at the hearing that Plaintiff could return to her past work

as it is normally performed.  Those jobs provided a sit-stand option at will, and did not

require exposure to unprotected heights (TR 75-76).

     In sum, the Commissioner's decision to deny benefits was within the range of

discretion allowed by law and there is simply insufficient evidence for the undersigned to

find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied,

that of Defendant granted and the instant Complaint dismissed.

## III.   <u>REVIEW</u>

---

errands, shop, read, watch television, and visit others (TR 182, 193, 197).  Dr. Haley failed to identify
supporting evidence for his opinion.  Similarly, the forms  completed by Dr. Koneru contained no detailed
explanation to support the conclusion that Plaintiff was more functionally limited than the ALJ's residual
functional capacity finding.  Such forms, with no supporting explanation or detailed examination notes, are
not persuasive evidence.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Charles E. Binder

CHARLES E. BINDER
United States Magistrate Judge

Dated: December 9, 2014

9